UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :        <u>AFFIRMATION</u>

     -v.-                       :        08 Cr. 629 (LAK)

MELVIN DUARTE,                     :

        Defendant.          :

- - - - - - - - - - - - - - - - - -x

     DANIEL W. LEVY, pursuant to Title 28, United States
Code, Section 1746, hereby affirms under penalty of perjury:

     1.  I am an Assistant United States Attorney in the
Office of Michael J. Garcia, United States Attorney for the
Southern District of New York, and am responsible for the above-
captioned case.  As such, I am fully familiar with the facts and
proceedings therein.

     2.  This affirmation is submitted in support of the
Government's motion for an order, pursuant to Rule 46(f) of the
Federal Rules of Criminal Procedure2: (a) declaring forfeited a
$100,000 personal recognizance bond; (b) declaring forfeited
$10,000 cash posted as security on the $100,000 personal
recognizance bond in partial satisfaction of the bond; (c)
entering a default judgment in the amount of $90,000 in favor of
the United States of America against Melvin Duarte ("Duarte");
and (d) entering a judgment in the amount of $90,000 in favor of
the United States of America and against Duarte, Yudelka Romano
("Romano"), and Marisol Alvarado ("Alvarado"), jointly and
severally.

3.    Duarte was originally arrested on or about May 5, 2008, and charged in a Complaint with conspiracy to steal mail and receive stolen mail, in violation of 18 U.S.C. § 371.  The day after Duarte's arrest, May 6, 2008, Duarte was presented before the Honorable Frank Maas, United States Magistrate Judge for the Southern District of New York.

4.    Judge Maas set principally the following bail conditions for Duarte's release on bail: (a) a $100,000 personal recognizance bond, co-signed by two financially responsible persons and secured by $10,000 in property; (b) travel restricted to the Southern and Eastern Districts of New York; (c) surrender of all travel documents and no new applications therefor; and (d) home detention with electronic monitoring.

5.    On May 7, 2008, Alvarado posted $10,000 in cash with the Clerk of the Court, thereby satisfying the security portion of Duarte's bail conditions.  Attached hereto as Exhibit A is a copy of the Receipt for Payment relating to the cash posted by Alvarado.

6.    On or about the same day, Alvarado signed Duarte's Appearance Bond.

7.    Several days later, Romano signed Duarte's Appearance Bond.

8.    On or about May 14, 2008, Duarte signed his own Appearance Bond and, thereafter, was released.  Attached hereto as Exhibit B is a copy of Duarte's Appearance Bond.

9.    Among other things, the Appearance Bond provides that Duarte, Romano, and Alvarado:

> jointly and severally acknowledge that we and our . . . personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $100,000, and there has been deposited in the Registry of the Court the sum of $10,000 in cash or PROPERTY.
>
> . . . .
>
> [I]f the defendant fails to obey or perform any of any of [the conditions set forth in the Appearance Bond], payment of the amount of this bond shall be due forthwith.

10.    At the time of Duarte's release, Duarte was advised of the consequences of failing to appear in Court as required.  A copy of the written Advice of Penalties and Sanctions, which is signed by Duarte, is attached hereto as Exhibit C.

11.    On or about June 2, 2008, a United States Pretrial Services Officer informed the Court that the electronic monitoring equipment installed as part of Duarte's bail conditions had been disconnected at approximately 3:30 a.m. on June 1, 2008, and that the Pretrial Services Officer had been unable to locate Duarte through Duarte's girlfriend, Alvarado, and Duarte's mother.  A copy of the Memorandum from the United States Pretrial Service Office, dated June 2, 2008, is attached hereto as Exhibit D.

12.    On July 7, 2008, Duarte failed to appear at the courthouse for a preliminary hearing.

13.    To date, Duarte has not been located in the United

States or elsewhere.  Duarte is a fugitive and his whereabouts are unknown to the Government.

      11.  On July 9, 2008, a grand jury in the Southern District of New York returned an Indictment charging Duarte with failure to appear, in violation of 18 U.S.C. § 3146.  A copy of the Indictment is attached hereto as Exhibit E.

      12.  Rule 46(f)(1) of the Federal Rules of Criminal Procedure provides that a district court "must declare the bond forfeited if a condition of the bond is breached."  Fed. R. Cr. P. 46(f)(1).  Additionally, Rule 46(f)(3) provides that, if the bail forfeiture is not set aside, the district court "must, upon the government's motion, enter a default judgment."  Fed. R. Cr. P. 46(f)(3).

      13.  No prior request for this or other similar relief has been made with respect to this case.

      WHEREFORE, it is respectfully requested that the Court enter an order, pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure: (a) declaring forfeited the $100,000 personal recognizance bond; (b) declaring forfeited $10,000 cash posted as security on the $100,000 personal recognizance bond in partial satisfaction of the bond; (c) entering a default judgment in the

amount of $90,000 in favor of the United States of America against Duarte; and (d) entering a judgment in the amount of $90,000 in favor of the United States of America and against Duarte, Romano, and Alvarado, jointly and severally.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 16, 2008, at New York, New York.

_____
DANIEL W. LEVY
Assistant United States Attorney
Southern District of New York
Telephone: (212) 637-1062

Exhibit A

ORIGINAL-WHITE

DUPLICATE-YELLOW

TRIPLICATE-PINK

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

E 650011

RECEIVED FROM

at

Mansol Alvarado
Cash Bail/MI9-1-1800)
08 Mag 1030
USA-V-Memin Duarte

| Fund | | Cash | Check | M.O. | Credit |
|------|---|------|-------|------|--------|
| 6855XX | Deposit Funds | | | | |
| 604700 | Registry Funds | | | | |
| 508800 | General and Special Funds | | | | |
| 085000 | Immigration Fees | | | | |
| 086900 | Attorney Admission | | | | |
| 322340 | Filing Fees | | | | |
| 322350 | Sale of Publications | | | | |
| 322360 | Copy Fees | | | | |
| 143500 | Miscellaneous Fees | | | | |
| 322380 | Interest | | | | |
| 322386 | Recoveries of Court Costs | | | | |
| 121000 | Restitution to U.S. Government | | | | |
| 129900 | Conscience Fund | | | | |
| 504100 | Gifts | | | | |
| 613300 | Crime Victims Fund | | | | |
| 510000 | Unclaimed Monies | | | | |
| 510100 | Civil Filing Fee (%) | | | | |
| | Registry Fee | | | | |

DATE/TIME: 5/7/2008 11:17:54 AM
CASHIER: CATHERINE #5
STATION: 01

1   BAIL   604700                         $10,000.00
==============================================
                GRAND TOTAL              $10,000.00
==============================================
Amt Tendered                            $10,000.00
Change due                                   $0.00

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

DATE:                    20

DEPUTY CLERK:

Exhibit B

$100,000 PRB TO BE CO-SIGNED BY 2 FINANCIALLY RESPONSIBLE PERSON'S; SECURED BY $10,000
CASH/PROPERTY; TRAVEL LIMITED TO SDNY/EDNY; SURRENDER TRAVEL DOCUMENTS (& NO NEW
APPLICATIONS); STRICT PRETRIAL SUPERVISION; HOME DETENTION WITH ELECTRONIC MONITORING; DEFT TO
BE RELEASED UPON ALL TO BE MET BEFORE RELEASE

∞AO 98 · (Rev. 11/07) Appearance Bond

# UNITED STATES DISTRICT COURT

Southern                                District of                        New York

UNITED STATES OF AMERICA

v.                                                            APPEARANCE BOND

MELVIN DUARTE

Defendant                                  Case Number:     08 MAG 1030

Non-surety:  I, the undersigned defendant acknowledge that I and my . . . .
Surety:  We, the undersigned, jointly and severally acknowledge that we and our . . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of

$     100,000        , and there has been deposited in the Registry of the Court the sum of

$     10,000        in cash or        PROPERTY

The conditions of this bond are that the defendant                   MELVIN DUARTE
                                                                          Name

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all
orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of
defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may
be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to
serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review), which shall continue until
such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this
bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be
due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having
cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or
remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the
amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal
Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on       May 7, 2008        at        500 Pearl Street, New York, New York 10007
                                    Date                                           Place

Defendant        MELVIN DUARTE

Surety           MARISOL ALVARADO

Surety           NUDELKA ROMANO
                 Signed and acknowledged before me on       May 7, 2008
                                                                  Date

Bond Approved:
                                                                  Signature of Judge/Clerk
                 Signature of AUSA
                 AUSA DANIEL LEVY

Exhibit C

AO 199C (Rev. 6/97) Advice of Penalties …

**Advice of Penalties and Sanctions**

Page ____ of ____ Pages

MELVIN DUARTE

MAY 14, 2008.
08 MAG. 1030

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

TO THE DEFENDANT:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State

_____
Telephone

DEFENDANT RELEASED

U.S. DISTRICT COURT FILED
MAY 14 2008
S.D. OF N.Y.

Exhibit D



# MEMORANDUM

To:        Honorable Frank Mass
           U.S. Magistrate Judge

From:      Leo Barrios
           U.S. Pretrial Services Officer
           Electronic Monitoring Specialist

Re:        U.S.A. vs. Melvyn Duarte (08 Mag 1030-02)
           Bail Violation

Date:      June 2, 2008.

On 5/6/08 the above-named defendant was arrested by FBI agents and charged with conspiracy to commit mail fraud. On the same date, he appeared before Your Honor and bail was set at $100,000 personal recognizance bond, secured by $10,000 in cash, cosigned by 2 people, home detention with electronic monitoring, travel restricted to the SD/EDNY, and surrender of all travel documents.

On 5/14/2008, the defendant was released after meeting all the conditions imposed at the initial hearing. The defendant met with this officer and he was advised that he has to comply with all of the conditions as required, appear at all Court hearings, and abide by the requirements of home detention with electronic monitoring.

On June 1, 2008, our office received an alert from the monitoring company indicating that the defendant's device had been disconnected at approximately 330AM. When Pretrial Services called the defendant's residence, no one answered the phone. At approximately 11:04AM, the equipment was re-connected, and we learned that the defendant had left his residence without permission since 2:55. PSO Contacted the defendant's girlfriend, Marisol Alvarado, who indicated that she was out of town, and did not know the defendant's whereabouts.

Today at approximately 800AM, this officer conducted a home visit and interviewed the defendant's mother Angelica Cruceta. She stated that the defendant left her residence on May 1, 2008 and she does not know where he is. She stated that she was sleeping at the time, and that when she went looking for him around the house, he was gone. Our office retrieved the monitoring device and advised her that the Court will be notified as soon as possible.

A record check was conducted today and it reflects no new arrests.

Pretrial Services has notified both AUSA Dan Levy and Peggy Cross, Esq. regarding the defendant's violation.

Given that the defendant's whereabouts are unknown at this time, Pretrial Services respectfully requests that a

bench warrant be issued.

Respectfully submitted

Michael Fitzpatrick, Chief
U.S. Pretrial Services Officer

Leo Barrios
U.S. Pretrial Services Officer
Electronic Monitoring Specialist

Reviewed by:

Jo-Ann Atanasio, SPSO

cc:

Dan Levy, AUSA
Peggy Cross, Esq.

Exhibit

E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          -v.-                     :          INDICTMENT

MELVIN DUARTE,                     :          08 Cr. _____ ( )

                    Defendant.     :

- - - - - - - - - - - - - - - - - - x

                    COUNT ONE

          The Grand Jury charges:

          1.  On or about July 7, 2008, in the Southern District of New York, MELVIN DUARTE, the defendant, having been released on bail in connection with a charge of an offense punishable by imprisonment for a term of imprisonment of five years or more, to wit, conspiracy to steal or receive stolen mail matter, in violation of Title 18, United States Code, Section 371, unlawfully, willfully, and knowingly did fail to appear before the Court for a preliminary hearing as required by the conditions of his release.

          (Title 18, United States Code,
          Sections 3146(a)(1) and (b)(1)(A)(ii).)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MELVIN DUARTE,

Defendant.

INDICTMENT

08 Cr. _____ ( _____ )

(Title 18, United States Code,
Sections 3146(a)(1) and (b)(1)(A)(ii).)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.